Hon. Richard F. Corbisiero, Jr. Chairman, New York State Racing and Wagering Board
Your counsel has asked whether a director of an off-track betting corporation may also serve as the corporation's president and chief executive officer. Second, he asks whether a director may also serve as an employee of the corporation. These questions have arisen through the Board's exercise of its jurisdiction to review applications to amend the approved plans of operation of each off-track betting corporation. Any change in the membership of either the board of directors or the officers of an off-track betting corporation must be submitted to the board for review.
The doctrine of compatibility of offices has been established by common law and is frequently applied by this office in determining whether a person may hold simultaneously two offices or positions of employment. The leading case on compatibility of office is People ex rel. Ryan v Green,58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
The first question, dealing with service as a director and as president and chief executive officer, has been raised in relation to the New York City Off-Track Betting Corporation and regional off-track betting corporations. The New York City Off-Track Betting Corporation is governed by Article VI of the Racing, Pari-Mutuel Wagering and Breeding Law. The corporation is administered by a board of directors consisting of five members appointed by the mayor (Racing, Pari-Mutuel Wagering and Breeding Law, § 603 [1]). The corporation's enabling act provides "[t]he board may delegate to one or more of the directors, officers, agents or employees of the corporation such powers and duties as it may deem proper" (id., § 603 [7]). Under this provision, the board may delegate powers and duties to a director. The provisions governing regional off-track betting corporations include a provision substantially the same as the above-quoted language for New York City, permitting the delegation to a director of additional powers and duties (id., § 502 [9]).
These statutory provisions authorize the New York City off-track betting corporation and a regional off-track betting corporation to grant additional powers to directors of the corporation. In our view, these provisions do not supersede the common law doctrine of compatibility of office. We believe, however, that the statutory language authorizes the board of directors of the corporation to delegate to a director responsibility to carry out board policies. Thus, the board of directors may appoint a director to be the president and chief executive officer of the corporation. This grant of additional powers can be viewed as an extension of a director's duties accompanied by direct accountability to the board. It permits effective management of the corporation in accordance with board policies. We note that the service of a director as the president and/or chief executive officer is common among other State public benefit corporations (Public Authorities Law, §§ 352 [1], 1201 [2], 1263 [4], 1282 [1]).
We do not believe that the statutory language permits a director to serve in any other position of employment with the corporation. Under the common law doctrine of compatibility of office, that dual employment is against public policy and is therefore prohibited. A director cannot effectively and impartially supervise himself nor can his colleagues on the board of directors exercise such supervision. Additionally, an appearance of impropriety would result. This dual employment would erode the natural checks and balances that flow from the employer-employee relationship to the detriment of corporate operations and the public trust. Were this not prohibited, an entire board could serve as employees of the corporation creating conflicting interests and raising questions as to whether board decisions are made solely in the public interest.
We conclude that a director of an off-track betting corporation may also serve as the president and chief executive officer of the corporation. A director may not hold any other position of employment with the corporation.